NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| TODD M. TINDAL, | : | |
| | : | |
| Plaintiff, | : | Civil No. 12-1257 (DRD) |
| | : | |
| v. | : | |
| | : | |
| WARDEN MEYERS, et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

> TODD M. TINDAL, Plaintiff pro se
> #629595/733739D
> South Woods State Prison
> 215 Burlington Road South
> Bridgeton, New Jersey 08302

**DEBEVOISE**, District Judge

Plaintiff, Todd M. Tindal, a state inmate presently confined at the South Woods State Prison in Bridgeton, New Jersey, seeks to bring this action in forma pauperis.  Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it

seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed as untimely.

## I.   BACKGROUND

Plaintiff, Todd M. Tindal ("Tindal" or "Plaintiff"), brings this civil action, pursuant to 42 U.S.C. § 1983, against the following defendants: Warden Meyers of the Passaic County Jail; Dr. Wabah; Medical Staff at the Passaic County Jail; and unnamed Detail Sergeant and Officers with the Security Staff and Transport Staff at the Passaic County Jail.  (Complaint, Caption, ¶ 4b).  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of plaintiff's allegations.

Plaintiff alleges that, on July 9, 2007, while he was an inmate at the Passaic County Jail, he slipped and fell and severely injured his right knee.  He states that he waited in pain for twenty minutes before an officer arrived to the unit. Plaintiff was placed on a stretcher and taken to the Medical Department at the Passaic County Jail, where the medical staff took his temperature, blood pressure and loosely bandaged his right knee with an ace bandage.  Plaintiff alleges that the staff failed to properly splint his leg to prevent further injury, and consequently, while he was on the stretcher, Plaintiff's leg

flopped sideways causing more pain and damage.  Plaintiff also alleges that the medical staff refused to give him any medication for the pain.  (Compl., ¶ 6).

It was determined that Plaintiff should be taken to the emergency room at an outside hospital, so Plaintiff was rolled onto a stretcher at 12:00 a.m. (apparently the following day, July 10, 2007), and sent to the Intake area at the jail where Plaintiff was left lying on the stretcher for eight hours.  During this time, Plaintiff was in pain, could not go to the bathroom or have anything to drink.  After eight hours, Plaintiff was taken to the Emergency room where he was diagnosed with torn ligaments, tendons and meniscus in his right knee.  Plaintiff was given a leg brace and crutches that were too small.  (Id.).

Plaintiff alleges that he saw a specialist who told him he needed physical therapy to strengthen the muscle in his knee, and surgery to repair the damage.  Plaintiff alleges that he complained to Dr. Wabah for three weeks before physical therapy was provided.  He also states that he filed numerous medical slips for surgery and was told by Dr. Wabah that surgery would be provided when Plaintiff was sent to a state prison facility. Finally, Plaintiff complains that for the four months that he was on crutches at Passaic County Jail, he was denied access to the handicapped showers.  Plaintiff still has not had surgery for his knee.  He does not allege that he made any further requests for

surgery after Dr. Wabah allegedly denied such treatment.  When
Plaintiff was transferred from the Passaic County Jail to a state
prison facility, Dr. Wabah and the other jail officials no longer
were responsible for his medical care.  No state officials are
named as defendants or are alleged to have provided deficient
medical care after Plaintiff came into their custody and before
the statute of limitation period had run.

Plaintiff seeks compensatory and punitive damages in the
amount of $1.5 million.  (Compl., ¶ 7).

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-
134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996),
requires a district court to review a complaint in a civil action
in which a prisoner is proceeding in forma pauperis or seeks
redress against a governmental employee or entity.  The Court is
required to identify cognizable claims and to sua sponte dismiss
any claim that is frivolous, malicious, fails to state a claim
upon which relief may be granted, or seeks monetary relief from a
defendant who is immune from such relief.  28 U.S.C. §§
1915(e)(2)(B) and 1915A.  This action is subject to sua sponte
screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) an
§ 1915A.

In determining the sufficiency of a pro se complaint, the
Court must be mindful to construe it liberally in favor of the

plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)

(following Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also

United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal

of a complaint that fails to state a claim in Ashcroft v. Iqbal,

556 U.S. 662 (2009).  The Court examined Rule 8(a)(2) of the

Federal Rules of Civil Procedure which provides that a complaint

must contain "a short and plain statement of the claim showing

that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).

Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S.

544 (2007) for the proposition that "[a] pleading that offers

'labels and conclusions' or 'a formulaic recitation of the

elements of a cause of action will not do,'"  Iqbal, 556 U.S. at

678 (quoting Twombly, 550 U.S. at 555), the Supreme Court held

that, to prevent a summary dismissal, a civil complaint must now

allege "sufficient factual matter" to show that the claim is

facially plausible.  This then "allows the court to draw the

reasonable inference that the defendant is liable for the

misconduct alleged."  Fowler v. UPMC Shadyside, 578 F.3d 203 (3d

Cir. 2009)(citing Iqbal, 556 U.S. at 676).  The Supreme Court's

ruling in Iqbal emphasizes that a plaintiff must demonstrate that

the allegations of his complaint are plausible.  See id. at 678-

79; see also Twombly, 505 U.S. at 555, & n. 3; Warren Gen. Hosp.

v.. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011).  "A complaint

must do more than allege the plaintiff's entitlement to relief.

A complaint has to 'show' such an entitlement with its facts."

Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny,

515 F.3d 224, 234-35 (3d Cir. 2008).

### III.  SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must

allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the

alleged deprivation was committed or caused by a person acting

under color of state law.  West v. Atkins, 487 U.S. 42, 48

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir.

1994).  See also Malleus v. George, 641 F.3d 560, 563 (3d Cir.

2011).

### III.  ANALYSIS

Plaintiff appears to be asserting a Fourteenth Amendment

denial of medical care claim under § 1983.  However, based on the

facts as alleged on the face of the Complaint, this Court finds that the Complaint is time-barred.

Federal courts look to state law to determine the limitations period for § 1983 actions.  See Wallace v. Kato, 549 U.S. 384, 387-88 (2007).  Civil rights or constitutional tort claims, such as a denial of medical care claim presented here, are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions.  See Wallace, supra; Wilson v. Garcia, 471 U.S. 261, 280 (1985).  Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann., § 2A:14-2, governs Plaintiff's claim here.  See Montgomery v. DeSimone, 159 F.3d 120, 126 & n. 4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).  Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. Cito, 892 F.2d at 25; accord Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987).

The statute of limitations is an affirmative defense that the defendants generally must plead and prove.  See Bethel v. Jendoco Const. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (statute of limitations on civil rights claim is an affirmative defense). While a plaintiff is not required to plead that the claim has

been brought within the statute of limitations, <u>Ray v. Kertes</u>,

285 F.3d 287, 297 (3d Cir. 2002), the Supreme Court observed in

<u>Jones v. Bock</u>, 549 U.S. 199, 215 (2007), that if the allegations

of a complaint, "show that relief is barred by the applicable

statute of limitations, the complaint is subject to dismissal for

failure to state a claim."

In this case, Plaintiff plainly alleges that his injury

occurred on July 9, 2007, and that his medical mistreatment and

denial of medical care commenced on that date.  Further, to the

extent that he knew he needed surgery and his request for knee

surgery was denied, these acts occurred in the four months

following his emergency care in 2007.  Thus, at the latest, the

statute of limitations for Plaintiff's denial of medical care

claim accrued and began to run four months after July 9, 2007, or

sometime in November 2007.  He would have two years from that

date, or in or about November 2009, to timely file his asserted

claim.  Plaintiff's claim for denial of medical care was filed on

or about February 21, 2012, well beyond the statute of

limitations.

Plaintiff does not explain why he waited over four years to

bring this action, and none of the circumstances warranting

tolling appear to apply.  Plaintiff has not alleged any basis for

tolling of the statute of limitations.  New Jersey statutes set

forth certain bases for "statutory tolling."  <u>See</u>, <u>e.g.</u>, <u>N.J.S.A.</u>

§ 2A:14-21 (detailing tolling because of minority or insanity);

N.J.S.A. § 2A 14-22 (detailing tolling because of nonresidency of

persons liable).  The Complaint does not allege any basis for

statutory tolling.

New Jersey law also permits "equitable tolling" where "the

complainant has been induced or tricked by his adversary's

misconduct into allowing the filing deadline to pass," or where a

plaintiff has "in some extraordinary way" been prevented from

asserting his rights, or where a plaintiff has timely asserted

his rights mistakenly by either defective pleading or in the

wrong forum.  See Freeman v. State, 347 N.J. Super. 11, 31

(citations omitted).  "However, absent a showing of intentional

inducement or trickery by a defendant, the doctrine of equitable

tolling should be applied sparingly and only in the rare

situation where it is demanded by sound legal principles as well

as the interests of justice."  Id.  When state tolling rules

contradict federal law or policy, in certain limited

circumstances, federal courts can turn to federal tolling

doctrine.  See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000).

Under federal law, equitable tolling is appropriate in three

general scenarios: (1) where a defendant actively misleads a

plaintiff with respect to her cause of action; (2) where the

plaintiff has been prevented from asserting her claim as a result

of other extraordinary circumstances; or (3) where the plaintiff

asserts her claims in a timely manner but has done so in the
wrong forum.  In this case, Plaintiff fails to articulate any
basis for equitable tolling.

It is apparent from the face of the Complaint that
Plaintiff's § 1983 denial of medical care claim is time barred
and this Court will dismiss the Complaint as untimely.  See
Paluch v. Secretary Pennsylvania Dept. of Corrections, 442 Fed.
Appx. 690, 694 n. 2 (3d Cir. 2011)("Although the statute of
limitations applicable to § 1983 actions is an affirmative
defense, which may be waived by the defendant, it is appropriate
to dismiss sua sponte under § 1915(e)(2) a complaint whose
untimeliness is apparent from the face of the record"); McPherson
v. United States, 2010 WL 3446879 at *4 (3d Cir. Sept.2, 2010)
("[W]hen a statute-of-limitations defense is apparent from the
face of the complaint, a court may sua sponte dismiss the
complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A").

If Plaintiff believes that he can assert facts showing that
tolling is warranted, he may move to re-open this case and to
file an amended complaint stating the basis for tolling.[1]

---

[1]  Plaintiff should note that when an amended complaint is
filed, the original complaint no longer performs any function in
the case and "cannot be utilized to cure defects in the amended
[complaint], unless the relevant portion is specifically
incorporated in the new [complaint]."  6 Wright, Miller & Kane,
Federal Practice and Procedure § 1476 (2d ed.1990)(footnotes
omitted).  An amended complaint may adopt some or all of the
allegations in the original complaint, but the identification of
the particular allegations to be adopted must be clear and

IV.   CONCLUSION

Therefore, for the reasons set forth above, the Complaint
will be dismissed without prejudice, in its entirety as against
all named defendants in this action, pursuant to both 28 U.S.C.
§§ 1915(e)(2)(B)(ii) and 1915A(B)(1).   An appropriate order
follows.


                                    *s/ Dickinson R. Debevoise*
                                    DICKINSON R. DEBEVOISE
                                    United States District Judge

Dated:    October 3, 2012

---

explicit.  Id.  To avoid confusion, the safer course is to file
an amended complaint that is complete in itself.  Id.